**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **STEVEN MARSH** | **CIVIL ACTION NO. 19-1337** |
| | **SECTION P** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN GOODWIN** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Steven Marsh, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus on approximately October 7, 2019, under 28 U.S.C. § 2254. [doc. # 1]. Petitioner attacks his conviction for indecent behavior with a juvenile under the age of eighteen, as well as the fifteen-year prison sentence imposed by the Fifth Judicial District Court, Richland Parish.[1] For the following reasons, the Court should dismiss this Petition as untimely.

**Background**

On August 7, 2018, Petitioner pled guilty to indecent behavior with a juvenile under the age of eighteen, and the trial judge sentenced him to "a term of imprisonment at hard labor for a period of fifteen (15) years, with . . . two (2) years of that to be served without benefit . . . ." [doc. # 1-2, pp. 27-33]. Petitioner did not pursue a direct appeal or post-conviction relief. [doc. # 5, pp. 2-4, 13].

Petitioner filed the instant Petition on approximately October 7, 2019, raising the following assignments of error: (1) Assistant District Attorney Doug Wheeler threatened him

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

with life in prison if he proceeded to trial, which forced him to accept a plea bargain; (2) his attorney, Tammy Weaver, "never allowed him to see or hear any interviews" and constantly "kept [him] in the dark"; (3) he was never "presented with an indictment"; (4) the indictment did not describe "the essential facts or elements of what it takes to commit the crime of first degree rape"; (5) the assistant district attorney and the trial judge altered the indictment without resubmitting it to the grand jury; (6) he was arrested without probable cause; (7) he was never arraigned; and (8) his counsel pressured him to plead guilty without "even checking into" Petitioner's assertion that the accusations were false. [doc. #s 1, pp. 2-4, 8, 11, 14, 15; 5, pp. 18-19].

## **Law and Analysis**

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitation for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively

applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.

Petitioner does not mention subsection "B" or otherwise argue that State action impeded him from filing this Petition.[2] Out of caution, though, the undersigned will examine subsection "B."

On June 10, 2018, Petitioner asked the clerk of the trial court to provide a copy of his sentencing colloquy. [doc. # 1-2, p. 42]. On April 29, 2019, he moved for a copy of his guilty plea and sentencing transcript. *Id.* at 20. On June 4, 2019, a deputy clerk of court informed him that the court reporter had not forwarded the transcript yet. *Id.* at 41. On June 13, 2019, Petitioner asked the clerk of court for copies of the bill of information, the indictment, and minutes of "various portions" of his state proceeding. *Id.* at 43. On June 25, 2019, a deputy clerk of court sent him a copy of the bill of information, his plea agreement, and the "Uniform Sentencing Commitment Order[,]" and told him that "the transcript was mailed to you on June 7, 2019." *Id.* at 44. Petitioner maintains that "it took him from August 7, 2018, until June 14, 2019, to get all [of his] 'paperwork.'" [doc. # 5, p. 17].

The requirements for the "statutory time-bar reset provision of § 2244(d)(1)(B) . . . are understandably steep." *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010). To invoke the "reset," a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Id.*

---

[2] See *Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that, because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

Petitioner does not contend that the lack of access to his plea/sentencing transcript, bill of information, indictment, plea agreement, or other transcripts *prevented* him from filing this Petition (or any other state court proceeding);[3] rather, Petitioner only suggests that the lack of these documents impacted (to an unstated degree) his ability to pursue post-conviction relief in state court.[4] [doc. # 1-2, p. 42]. See *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (holding that the state's failure to provide the petitioner with a transcript did not prevent him from filing and adding that if the petitioner "desired the complete trial transcript to aid the court in deciding his petition, he could have sought the district court's help in obtaining the missing portions through discovery after he filed his petition.").

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken."

Here, the trial judge sentenced Petitioner on August 7, 2018. [doc. # 1-2, p. 33]. As Petitioner did not file a direct appeal, his conviction became final thirty days later, on September 6, 2018. See *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1209 ("It is

---

[3] See *Cardona v. Davis*, 770 F. App'x 179, 184 (5th Cir. 2019) (examining 2244(d)(1)(B) and concluding, "We find no error in the district court's finding that Cardona's thin account of what was deficient . . . do[es] not establish official impediments to his access to the courts for these 23 months."); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000) (finding, where the petitioner argued "that his alleged lack of access to legal materials . . . extend[ed] the tolling period under 28 U.S.C. § 2244(d)(1)(B)[,]" that the petitioner did not show that "the State imposed an unconstitutional impediment to the filing of his federal habeas petition . . . .").

[4] To reiterate, Petitioner has not pursued post-conviction relief.

well established that a defendant may only appeal from a final judgment of conviction when sentence has been imposed.").

Because Petitioner's conviction became final on September 6, 2018, Petitioner had one year, or until September 6, 2019, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until, at the earliest, October 7, 2019. [doc. # 1, p. 1]. Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the September 6, 2019 deadline through statutory or equitable tolling.

**I. <u>Statutory Tolling</u>**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not interrupt or statutorily toll the period of limitation because he did not file an application for post-conviction relief. Accordingly, this Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

**II. <u>Equitable Tolling</u>**

The one-year statute of limitation can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation. As above, though, he does allege that he experienced significant delays in obtaining copies of his indictment, the bill of information, the plea/sentencing transcript, and other transcripts.

Petitioner, however, does not present rare and exceptional circumstances: he does not allege that any individual or entity actively misled him about a cause of action, and his lack of access to these documents did not prevent him, "in some extraordinary way," from asserting his rights. See *Lloyd*, 296 F.3d at 633-34 (finding that a state's refusal to provide the petitioner with a complete transcript did not justify equitable tolling: "Mr. Lloyd was present at his trial and knew the basis on which he could have asserted [his claim]; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition.") (citing cases).

While he does claim that his indictment is defective, and that he did not receive a copy of it until June 25, 2019, [doc. # 1-2, p. 44], he had at least constructive notice of the indictment's contents on August 7, 2018, the day he pled guilty. Then, the trial judge informed him of the charges, the factual bases for the charges, the amended charge, and the legal definition of the amended charge. [doc. # 1-2, pp. 23-28]. Petitioner acknowledged that he understood "what

constitutes the crime of indecent behavior with juveniles," he acknowledged that he understood the prescribed punishment, he forewent any argument "that the State did not meet it's [sic] obligation to present a factual basis," and he stipulated that the "various events did in fact take place, that they occurred [] in Richland Parish, that [he was] older than seventeen years of age, and that the victim was younger than the age of thirteen when [the alleged crime] occurred." *Id.* at 25, 27-28. See *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (unavailability of a document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000).[5] Moreover, he received a copy of the indictment on June 25, 2019, seventy-three days before the deadline for filing a petition here.

Even assuming Petitioner presented extraordinary circumstances, he did not diligently pursue his rights: he did not file a direct appeal or a post-conviction relief application.[6] See *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his

[5] See also See *Walck v. Johnson*, 213 F.3d 638 (5th Cir. 2000) (finding that the petitioner did not present rare and exceptional circumstances because the petitioner was "inconsistent with the dates he was denied access to his legal material[,] he [did] not state why he needed his materials to file his federal habeas petition[,] and he [did] not indicate that he was restrained or prevented from filing within the limitations period."); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding that the district court did not abuse its discretion in denying equitable tolling where the petitioner did not provide "specific evidence of the impact of his medical conditions on his ability to file a timely application [or of] the lack of evidence regarding why certain documents were necessary to the preparation of his application . . . ."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) ("Hatcher has not shown that not having possession of his trial counsel's file prevented him from filing his application, as opposed to proving his claims.").

[6] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

conclusional allegation that he is a pro se litigant with limited resources."). So too, the documents he attaches to this Petition reveal that he waited until June 13, 2019—310 days following his sentencing—to request a copy of his indictment. [doc. # 1-2, p. 43].

Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. <u>Fundamental Miscarriage of Justice</u>

"Under the fundamental miscarriage of justice exception, a claim of actual innocence, if proven, allows a first-time federal habeas applicant to overcome the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)." *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386).

Here, Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## <u>Conclusion</u>

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Steven Marsh's

Petition for Writ of Habeas Corpus, [doc. #s 1, 5], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering an answer. Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.**[7]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[7] See *Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte*, it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 13th day of November, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE