**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **STEVEN MARSH** | : | **CIVIL ACTION NO. 3:19-1337** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN GOODWIN** | : | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Before the Court is a Petition for Writ of Habeas Corpus [Doc. No. 1] filed on approximately October 7, 2019, by Petitioner Steven Marsh, who is proceeding *pro se* and *in forma pauperis* in this matter. Petitioner is a prisoner in the custody of Louisiana's Department of Corrections. Petitioner attacks his conviction for indecent behavior with a juvenile under the age of eighteen, as well as the fifteen-year prison sentence imposed by the Fifth Judicial District Court, Richland Parish, Louisiana.

On November 13, 2019, Magistrate Judge Karen L. Hayes issued a Report and Recommendation in which she carefully reviewed the applicable law including 28 U.S.C. § 2244(d), as well as the jurisprudence on statutory tolling, equitable tolling, and the fundamental miscarriage of justice exception to 28 U.S.C. § 2244(d). The Magistrate Judge then recommended that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice as time-bared under 28 U.S.C. § 2244(d).

On November 21, 2019, the Clerk of Court filed into the record Petitioner's Motion to Amend Petition for Writ of Habeas Corpus [Doc. No. 8]. On November 25, 2019, the Clerk of

Court filed into the record Petitioner's Objection to the Report and Recommendation [Doc. No. 9].

With regard to Petitioner's Motion to Amend [Doc. No. 8], as a general matter, courts should grant leave to amend pleadings "freely ... when justice so requires." FED. R. CIV. P. 15(a). Normally, "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.,* 587 F.3d 314, 322 (5th Cir.2009).

Here, the amendment would be futile. The proposed amended pleading does not cure the deficiency that the Petition is time-barred under 28 U.S.C. §2244(d). Therefore, the Court will DENY the motion to amend.

In his Objection, Petitioner primarily reargues the merits of his case. The Court has carefully reviewed the Objection filed by Petitioner but finds that the Report and Recommendation is correct. Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record, the Court will order that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. §2244(d).

Monroe, Louisiana, this 26th day of November, 2019.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**